UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA a/k/a TAMARA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC. and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:21-cv-5784<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS ("Williams"), by and through her undersigned counsel, brings this Complaint against Defendants, SHUTTERSTOCK, INC. ("Shutterstock") and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement and the falsification of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.* and 17 U.S.C. § 1202.

## PARTIES

2. Williams is an individual and professional photographer.

3. Upon information and belief, Shutterstock is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 350 Fifth Avenue, 21st Floor, New York, NY 10118.

4. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by

such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the State of New York, Defendant is doing business in the State of New York, and Defendant's acts of infringement complained of herein occurred in the State of New York.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or Defendant is a corporate defendant whose contacts with this district are sufficient to subject it to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

10. Williams licenses her work for a fee. Williams' portfolio includes international clients, and Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams is the sole author and exclusive rights holder to one photograph of the model known professionally as Kiana Alexis ("Kiana Photograph"):



12. Williams registered the Kiana Photograph with the United States Copyright Office under Registration Number VA 2-116-920 effective August 23, 2018.

13. Williams is informed and believes Shutterstock is a global,

sophisticated, and successful online content provider of stock photography that controls and manages the editorial website www.Shutterstock.com ("Website").

14. Williams is informed and believes Shutterstock utilizes the Website for commercial purposes to license the stock photography content displayed on the Website.

15. Williams is informed and believes Shutterstock has the ability to supervise and control the content on the Website.

16. The Website is readily accessible to the general public throughout New York, the United States, and the world.

17. On or about July 23, 2021, Williams discovered Shutterstock had used the Kiana Photograph on the Website. True and correct screenshots of the Kiana Photograph, as used on the Website, with and without the time-stamp are attached hereto as Exhibit A.

18. Williams did not consent to or authorize Shutterstock to use the Kiana Photograph on the Website.

19. Williams also discovered that the Kiana Photograph, as it was being displayed on the Website, included Shutterstock's watermark. *See* Exhibit A.

20. Williams did not consent to or authorize Shutterstock to use the Kiana Photograph on the Website with the Shutterstock watermark.

21. Williams did not consent to or authorize Shutterstock to distribute copies of the Kiana Photograph with the Shutterstock watermark.

22. After discovering the infringement, Williams (through counsel) sent cease and desist correspondence to Shutterstock, regarding the Kiana Photograph, and requested an accounting of all licenses sold and sales data for the Kiana Photograph. Williams's counsel attempted to settle the matter prior to filing this Compliant but was not successful.

23. Williams is informed and believes Shutterstock copied Williams'

Kiana Photograph and posted, publicized, and otherwise held out to the public the Kiana Photograph, in the course and scope of its business activities, in order to receive commercial benefit and acquire monetary gain and market benefit as a result of its use.

24. Williams is informed and believes Shutterstock knew it did not have permission to use the Kiana Photograph on its website and willfully infringed Williams' Kiana Photograph.

25. Williams is informed and believes Shutterstock knowingly falsified the watermark on the Kiana Photograph, as used on the website, in order to conceal its infringing conduct.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

26. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Williams owns a valid copyright in the Kiana Photograph.

28. Williams registered the Kiana Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. Shutterstock (including their employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Williams' unique and original Kiana Photograph without Williams' consent or authorization in violation of 17 U.S.C. § 501.

30. Williams is informed and believes and thereon alleges that Shutterstock willfully infringed upon Williams' copyrighted Kiana Photograph in violation of Title 17 of the U.S. Code because, *inter alia*, Shutterstock used, published, communicated, posted, publicized, and otherwise held out to the public, for commercial benefit, Williams' unique and original Kiana Photograph

without her consent or authority by using it on the Website, and Shutterstock knew, or should have known, it did not have a legitimate license to use the Kiana Photograph.

31. As a result of Shutterstock's violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

32. As a result of Shutterstock's violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages pursuant to 17 U.S.C. § 504(b) or, at William's election, statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

33. As a result of Shutterstock's violations of Title 17 of the U.S. Code, the court, may allow the recovery of full costs from Shutterstock, as well as reasonable attorney's fees, as part of the costs pursuant to 17 U.S.C § 505.

34. Williams is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION OF COPYRIGHT MANGEMENT INFORMATION
## 17 U.S.C. § 1202

35. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Without Williams' consent or authorization, Shutterstock knowingly, and with the intent to induce, enable, facilitate, or conceal it infringement included copyright management information (CMI) related to the Kiana Photograph that was false and distributed the Kiana Photograph with the false CMI in violation of 17 U.S.C § 1202(a).

37. Specifically, Shutterstock illegally downloaded the Kiana Photograph and knowingly and purposefully added the watermark "Shutterstock" across the face of the image before incorporating the Kiana Photograph on the Website in

order to mislead the public into believing that Shutterstock owned the Kiana Photograph.

38. Additionally, Shutterstock's conduct was intentional because it purposefully and knowingly added the watermark "Shutterstock" across the face of the Kiana Photograph, before incorporating the image on the Website, knowing it was not the copyright owner of the Kiana Photograph; knowing it had not licensed the Kiana Photograph for use on the Website; and knowing it did not have Williams' consent or authority to use the Kiana Photograph on the Website.

39. Shutterstock's conduct constitutes a violation of 17 U.S.C. § 1202(a).

40. Williams has sustained significant injury and monetary damages, in an amount to be proven, as a result of Shutterstock's wrongful acts as hereinabove alleged.

41. In the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for the violation of 17 U.S.C. § 1202(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Williams prays for judgment against Shutterstock as follows:

- For an award of actual damages and disgorgement of all profits attributable to the infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Williams' election, an award for statutory damages against Shutterstock in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger.
- For costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;
- For an injunction preventing Shutterstock from further infringement of all copyrighted works of Williams pursuant to 17 U.S.C. § 502;
- For statutory damages against Shutterstock in an amount up to $25,000 for

the falsification of copyright management information pursuant to 17 U.S.C. § 1202;

- For prejudgment and post judgment interest as allowed by law; and
- For any other relief the Court deems just and proper.

Dated: October 15, 2021                                   Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
EDNY#RN4834
**HIGBEE & ASSOCIATES**
(*Of Counsel*)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

Dated: October 15, 2021					Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
EDNY#RN4834
**HIGBEE & ASSOCIATES**
**(*Of Counsel*)**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Attorney for Plaintiff*