UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA a/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:21-cv-5784-RPK-RML |

## ANSWER TO COMPLAINT

Defendant Shutterstock, Inc. ("Shutterstock") answers the Complaint of Plaintiff Tamara Wareka a/k/a Tamara Williams ("Plaintiff"), dated October 15, 2021 ("Complaint"), as follows:

1.      The allegations of Paragraph 1 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock states that Plaintiff purports to have commenced an action under the Copyright Act but denies that Plaintiff is entitled to any relief thereunder.

2.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies them.

3.      Shutterstock admits the allegations contained in Paragraph 3.

4.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies them.

5.      The material in Paragraph 5 appears to be a definition rather than an allegation, and as such is improper.  Shutterstock denies that such general pleading as to all named parties is proper and states that Plaintiff has failed to make any allegations against each such party.

13810608.1

6.      The allegations of Paragraph 6 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that the Court has subject matter jurisdiction over claims arising under the Copyright Act.

7.      The allegations of Paragraph 7 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies that the Court has personal jurisdiction over it.

8.      The allegations of Paragraph 8 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies that venue is proper in this District given Plaintiff's domicile in Germany and Shutterstock's headquarters in Manhattan and incorporation in Delaware.  Shutterstock notes that the Court may, *sua sponte*, transfer this action to the Southern District of New York.  *See Lead Indus. Ass'n, Inc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79, n.17 (2d Cir. 1979).

9.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies each allegation contained therein.

10.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies each allegation contained therein.

11.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies each allegation contained therein.

12.      The allegations of Paragraph 12 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock is without sufficient knowledge or

13810608.1

information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies the allegations contained therein.

13.     Shutterstock admits that it supplies a variety of types of images, including but not limited to stock images, and also allows third parties to submit images to its online platform. Shutterstock is without sufficient knowledge or information to form a belief as to the meaning of Plaintiff's terms "global," "sophisticated" and "successful," and therefore denies them. Shutterstock denies the remaining allegations contained in Paragraph 13.

14.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies each allegation contained therein.

15.     The allegations of Paragraph 15 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that it has the ability to admit or reject the submission of images onto its platform but denies the remaining allegations of Paragraph 15.

16.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them, except admits that the website located at Shutterstock.com is available to internet users.

17.     Shutterstock denies each allegation of Paragraph 17 and refers to the referenced Exhibit for a representation of its contents, except Shutterstock states that it is without sufficient knowledge or information to form a belief as to the date of discovery of the facts alleged in the Complaint.

18.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies each allegation

13810608.1

contained therein except avers that the party that uploaded the image at issue expressly

authorized Shutterstock to use the image that such person submitted (which is not the image

shown at Paragraph 11 of the Complaint) and represented that such person was authorized to do

so.

19.     Shutterstock denies each allegation of Paragraph 19 and refers to the referenced

Exhibit for a representation of its contents.

20.     Shutterstock is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 20, and on that basis denies each allegation

contained therein except avers that the party that uploaded the image at issue expressly

authorized Shutterstock to display a thumbnail of the image that such person submitted (which is

not the image shown at Paragraph 11 of the Complaint) and represented that such person was

authorized to do so.

21.     Shutterstock is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 21, and on that basis denies each allegation

contained therein except avers that Shutterstock does not distribute thumbnail images.

22.     Shutterstock admits that Plaintiff's counsel sent a communication to Shutterstock

regarding an image that it did not display and demanded various information.  Shutterstock

denies the remaining allegations contained in Paragraph 22.

23.     Shutterstock is without knowledge or information sufficient to form a belief as to

Plaintiff's information or beliefs, and denies the remaining allegations contained in Paragraph

23.

24.     Shutterstock denies the allegations of Paragraph 24.

25.     Shutterstock denies the allegations of Paragraph 25.

4

13810608.1

26.    The allegations of Paragraph 26 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

27.    Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis denies each allegation contained therein.

28.    Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies each allegation contained therein.

29.    Shutterstock denies the allegations of Paragraph 29.

30.    Shutterstock denies the allegations of Paragraph 30.

31.    Shutterstock denies the allegations of Paragraph 31.

32.    Shutterstock denies the allegations of Paragraph 32.

33.    Shutterstock denies the allegations of Paragraph 33.

34.    Shutterstock denies the allegations of Paragraph 34.

35.    The allegations of Paragraph 35 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

36.    Shutterstock denies the allegations of Paragraph 36.

37.    Shutterstock denies the allegations of Paragraph 37.

38.    Shutterstock denies the allegations of Paragraph 38.

39.    Shutterstock denies the allegations of Paragraph 39.

40.    Shutterstock denies the allegations of Paragraph 40.

13810608.1

41.      Shutterstock denies the allegations of Paragraph 41.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof or admitting that Shutterstock

has any burden of proof, Shutterstock asserts the following affirmative defenses as to the

Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.      Each of Plaintiff's Causes of Action is barred, in whole or in part, because it fails

to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to mitigate her alleged damages and/or losses and, to the extent

Plaintiff has suffered any damages and/or losses, recovery is barred or must be reduced

accordingly.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Causes of Action are barred by the safe harbor provided by the Digital

Millennium Copyright Act, 17 U.S.C. § 512.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's Causes of Action are barred, in whole or in part, by the doctrine of fair

use.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Second Cause of Action is barred on the ground that Plaintiff has failed

to plausibly plead or prove the double-scienter requirement of Section 1202 of the Copyright

Act, 17 U.S.C. § 1202.

13810608.1

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's First and Second Causes of Action are barred on the ground that the

claimed work is not properly registered.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's Causes of Action are barred by the doctrine of license.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims for statutory damages are barred by Section 412 of the

Copyright Act for failure to timely register the work at issue.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's Causes of Action are barred by the statute of limitations.

## RESERVATION OF RIGHTS

Shutterstock does not presently know all the facts and circumstances respecting

Plaintiff's claims and reserves the right to amend this Answer should it later discover facts

demonstrating the existence of additional affirmative defenses.


DATED:  New York, New York          Respectfully submitted,
        December 13, 2021

                                    MITCHELL SILBERBERG & KNUPP LLP


                                    By:  /s/ Eleanor M. Lackman
                                         Eleanor M. Lackman
                                         437 Madison Ave., 25th Floor
                                         New York, New York 10022-7001
                                         Telephone: (212) 509-3900
                                         Facsimile: (212) 509-7239
                                         Email:  eml@msk.com


                                    *Attorneys for Defendant Shutterstock, Inc.*


7

13810608.1